Jose **ORTIZ**

v.

**GREYHOUND CORPORATION**, and **Frank Robert Liberati.**

**Civ. A. No. 10312.**

United States District Court
D. Maryland,
Civil Division.

Aug. 24, 1959.

Bernard M. Goldstein, Holniker & Wolf, Baltimore, Md., for plaintiff.

Rollins, Smalkin, Weston & Andrew, Thomas G. Andrew, Baltimore, Md., for defendants.

CHESNUT, District Judge,

This is a suit to recover damages for personal injuries alleged to have been due to the negligence of the defendant. The case was permitted to go to the jury which found a verdict for the plaintiff in the amount of $5,000. The defendant having moved for a directed verdict in its favor at the conclusion of the case, has renewed the motion now for a judgment in favor of the defendant n. o. v., but without also moving for a new trial.

By written opinion filed in the case July 10, 1959, D.C., 175 F.Supp. 14, I entered an order granting the defendant's motion for judgment in its favor n. o. v. Thereafter the plaintiff, intending to file an appeal, has filed a petition for leave to appeal in forma pauperis. In that petition he also includes a requested order of the court to authorize the payment for transcript of the evidence at the trial at cost to the United States. I have heretofore granted leave to the plaintiff to appeal in forma pauperis but have held the request for payment of the transcript under further consideration. I have no difficulty in granting leave to appeal in forma pauperis; but the request for an order to require the United States to pay for a transcript of the record in this *civil* case presents some difficulty for determination.

The request is based on 28 U.S.C. § 1915 which provides, among other things, that in addition to permitting an appeal in forma pauperis in cases, both civil and criminal, the trial judge may direct that the cost of the transcript be paid by the United States, and it is to be so paid upon approval of the Director of the Administrative Office. I note that in section 1915 as enacted in 1948, the wording included the phrase *"a stenographic transcript and printing the record on appeal"*. The section was amended in 1951

so that the phrase "a stenographic transcript" was omitted by the amendment. I note that the Committee Report in favor of the amendment as proposed stated that the omitted phrase was thought unnecessary in view of the prior enactment of 28 U.S.C. § 753(f), a part of the Court Reporters' Act. Section 753(f), among other things, provides that the cost of the transcript is to be paid for by the United States *if the trial judge certifies that the appeal is not frivolous and does present a substantial question.* I have no difficulty in determining that the appeal is not frivolous but I have had difficulty in determining that it does present a substantial question.

■ What constitutes a substantial question in this context is not otherwise definitely defined. The question, I think, has arisen chiefly in reference to the allowance of bail pending appeal in a criminal case. I discussed this question rather fully a few years ago in United States v. Warring, D.C., 16 F.R.D. 524, decided in 1954. Shortly stated, the phrase has been judicially thought to mean a substantial question exists where it is reasonably debatable.

As applied to the appeal in the instant case, the trouble that I have is that on the Maryland law which is controlling in this case (jurisdiction being only by reason of diversity of citizenship) I find it somewhat difficult to say that on the facts stated in the opinion granting the order for judgment n. o. v., there is any room for reasonable debate under the Maryland law. While I do not understand that the competent and experienced counsel for the plaintiff takes any serious issue with the correctness of the facts as stated in the opinion, nevertheless, as I understand it, he urges that there may be found a basis for argument as to the existence of negligence by the defendant when the whole transcript of all the evidence can be considered as a unit.

At the full and somewhat extended oral argument of the motion, I invited counsel for the plaintiff to point to particular and definite evidence which he contended

supported his contention as to negligence. I also made particular inquiry of counsel with regard to their recollection, if any, of every point in the evidence which could be considered controversial; and before summarizing the facts which I thought to be controlling ones in the case I had a substantial portion of the evidence of several witnesses, including particularly that of the plaintiff himself, written up by the court reporter.

■■ On the other hand, the decision on the particular point now presented ought to be a purely objective one and I appreciate, of course, that possibly it may be thought the judgment on the particular point can be more objectively decided by the Court of Appeals than by the trial judge. And again, if the Court of Appeals does not have the whole transcript before it, it will be quite difficult, if not impossible, for it to decide whether the plaintiff's contention presents a substantial question or not. It may also be noted that instead of directing a verdict for the defendant at the close of all the evidence, I permitted the case to go to the jury after overruling the defendant's motion for a directed verdict. I suppose it may be plausibly argued that this uncertainty of the trial judge at the time supports the contention that the present appeal does present a substantial question. A further comment, however, is applicable in that the very object of the new rules of federal procedure in providing for judgments n. o. v. [Rule 50(b)], is founded on the idea that during the trial of the original case the trial judge does not have time before the conclusion of the evidence to thoroughly review some of the questions of law that may arise. In this case, while at the trial I did recall the main features of the Maryland law with respect to the liability of a landowner to persons on his premises, it was not until a consideration of the motion for judgment n. o. v. that there was full opportunity to again thoroughly review the several Maryland decisions on the point, including those in quite recent years.

■ Another difficulty that I have had in granting the plaintiff's request for a

transcript of the evidence is what effect this case might have as a precedent for similar future cases of the same general nature. In this respect I have made particular inquiry with regard to the administrative practice. It is to be noted that the cost of the transcript is to be paid by the United States when approved by the Administrative Office of the U. S. Courts. I learn that funds for such payments are not made from the appropriation for the Department of Justice but more specifically payments are chargeable to the miscellaneous expense fund of the Courts administered by the Administrative Office. Of course such a fund is by no means unlimited in amount and I would suppose that therefore considerable care should be exercised by the trial judge in certifying as to the existence of a substantial question on appeal in a civil case of this nature which presents no very unusual situation or new principle of law to be applied to the facts. It seems to be true that the Maryland rule applicable to the facts of this case is somewhat variant from that of other state jurisdictions; but it is also beyond debate, I think, that in this case the Maryland law must control.

It is well known that the private civil cases now within the jurisdiction of the federal courts by virtue of diversity of citizenship involve very largely numerically damage suits based on alleged negligence. Common experience as a trial judge also shows that whether there was or was not negligence by the defendant as a proximate cause of the plaintiff's injury is often a close question of fact or law. Or, as in the instant case, as a matter of law whether all the evidence taken together is legally sufficient to show the existence of liability of the defendant to the plaintiff under the Maryland decisions. I would think that an equally plausible argument on the question of appeal could be made in very many negligence cases where the indigent plaintiff has lost his case because the trial

judge did not think the evidence offered was sufficient to show liability.

However, as a result of my somewhat long reflection on this particular case, more important as a possible precedent than in its intrinsic nature, I have concluded that my doubts on the subject should be resolved in favor of the plaintiff on this particular point; but ordering the transcript at the plaintiff's request is conditioned on the requirement that the cost paid by the United States shall be taxed as costs in the case and recovered ultimately from the party found to be liable therefor. In the instant case if the plaintiff succeeds by the appeal in re-establishing the verdict of the jury, probably the costs will be payable by the defendant and thus be refunded to the United States; and if the judgment is affirmed, the costs will probably be payable by the plaintiff who will be legally liable to refund them to the United States.

For these reasons the plaintiff's petition for a transcript of all the evidence in the case at the initial cost to the United States is hereby *granted*. The costs in this particular instance will not be great because already a considerable portion of the testimony has been transcribed and also because a very substantial portion of all the evidence consisted of the medical testimony with respect to the nature and extent of the plaintiff's injuries; and counsel for the plaintiff have stated that they do not wish to have that testimony included in the transcript.

It is therefore *ordered* by the Court this 24th day of August, 1959, that the whole transcript of proceedings before the court (with the exception of the medical evidence referred to) shall be transcribed by the court reporter at the initial cost to the United States; but that the cost thereof so to be paid by the United States shall be taxed as costs of the case and to be re-paid to the United States by the party or parties legally liable therefor.