Norvin G. MALONEY, Jr., Appellant,

v.

E. I. DuPONT de NEMOURS & CO., Inc.,
Appellee.

No. 20985.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1967.

Decided Oct. 31, 1967.

livan v. Hicks, 114 U.S.App.D.C. 219, 313 F.2d 900 (1963). And see Tomlin v. Ir-

vine, 94 U.S.App.D.C. 101, 212 F.2d 635 (1954).

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., was on the motions for appellant.

Mr. James C. McKay, Washington, D. C., was on the reply for appellee. Mr. Edward J. Grenier, Jr., Washington, D. C., also entered an appearance for appellee.

Before McGowan, Tamm and Robinson, Circuit Judges.

PER CURIAM:

After trial in the District Court on appellant's complaint for breach of an employment contract, the jury returned a verdict for appellee. Appellant then sought leave to appeal *in forma pauperis* and moved for preparation, at the expense of the United States, of a transcript of the trial proceedings. The District Judge denied these requests, noting that "[I]n my opinion the appeal is frivolous, is not taken in good faith, and does not present a substantial question." Thereupon appellant paid the filing fee in this court and applied for an order that portions of the trial transcript be furnished at governmental cost.

██ Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished [in civil proceedings] * * * to persons permitted to appeal in forma pauperis shall * * * be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Before a free transcript can be furnished, then, the appeal must be permitted in *forma pauperis*, and the required certification must be made.

██ Allowance of appeals *in forma pauperis* is governed by 28 U.S.C. § 1915 (a) which provides that any court of the United States may authorize such an appeal, but that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Since the District Court certified that this appeal is not taken in good faith [1] we cannot allow an appeal *in forma pauperis* without overruling the certification. Our previous decisions establish that a certification of this type must control "in the absence of some showing that the certificate was made without warrant, or was itself not made in good faith." [2] Appellant has not made such a showing.

Even with warrant for our allowance of an *in forma pauperis* appeal, the second requirement of § 753(f) must be satisfied before we may order any transcript at public expense—a certification that "the appeal is not frivolous (but presents a substantial question)." Since the trial judge has already certified that the appeal is frivolous and does not present a substantial question, [3] appellant bears the burden of persuading us to a different conclusion, and this he has not undertaken to do.

██ Further consideration of appellant's motion will be held in abeyance to enable counsel for appellant to address, by memorandum to be filed within 30 days, the problems we have pointed out. Counsel for appellee, within 30 days following such a filing, may present a responsive memorandum.

1. See Coppedge v. United States, 369 U.S. 438, 444 & n. 8, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Jaffe v. United States, 246 F.2d 760 (2d Cir. 1957).

2. Waterman v. McMillan, 77 U.S.App.D.C. 310, 311, 135 F.2d 807, 808 (1943), cert. denied, 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1580 (1944); accord, Spruill v. Temple Baptist Church, 78 U.S.App.D.C. 324, 141 F.2d 137, cert. denied, 323 U.S. 755, 65 S.Ct. 87, 89 L.Ed. 604 (1944).

3. See Jaffe v. United States, supra note 1; Ortiz v. Greyhound Corp., 192 F. Supp. 903 (D.Md.1959).