Robert L. ARMSTRONG, Plaintiff,

v.

Joseph W. ASHBURY et al., Defendants.

Civ. A. No. 69–851.

United States District Court,
W. D. Pennsylvania.

Oct. 27, 1972.

Wallace & Lipton, Pittsburgh, Pa., for plaintiff.

Brandt, Reister, Brandt & Malone, Pittsburgh, Pa., Albert C. Gekoski, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

McCUNE, District Judge.

We have been asked by plaintiff in a civil case to order costs paid by the United States so that plaintiff can take an appeal from our order denying his motion for new trial.

The trial of the civil case resulted in a verdict for defendant. The case involved a claim in trespass for personal injuries. Plaintiff had alleged that a truck driven by Joseph W. Ashbury, and owned by the other defendants had backed into him from a parked position in a parking lot at a restaurant on the Pennsylvania Turnpike and had run over his leg as he walked behind the truck. We tried the liability phase of the case first. The jury found that the truck had in fact hit the plaintiff, but found that defendant driver was not negligent. The jury unnecessarily went on to state that the plaintiff was contributorily negligent. The verdict appeared to us to have been supported by the evidence and we refused a new trial in an opinion dated May 11, 1972, to which reference may be made.

The case was not unique. It contained no unusual issues of law or fact. It might be described as a routine personal injury action if there is such a thing.

Following the filing of our opinion the plaintiff filed an affidavit of poverty in which he listed no assets except a 1965 model Mustang automobile and household goods, and a motion that we order the United States to pay the costs of appeal pursuant to 28 U.S.C. § 753 and 28 U.S.C. § 1915. His appeal costs consist mainly of the cost of a transcript in the sum of $96.00.

The statutes referred to above permit us to order the United States to pay such costs provided we certify that a substantial question is involved. Our view of the word "substantial" means that something unique or unusual is involved or some issue that is reasonably debatable, see Ortiz v. Greyhound Corp., 192 F.Supp. 903 (D.C.Md. 1959).

The *Ortiz* case pointed out that the payment of such costs must be approved by the Administrative Office and the funds must come from the miscellaneous expense fund of the courts which is administered by the Administrative Office.

We have serious misgivings about ordering the United States to pay the costs in any civil personal injury case because of the number of such cases which confront the courts and because we are quite certain that the appropriations for miscellaneous expenses have not been calculated with the thought in mind that such expenses will occur routinely.

We find nothing unusual or unique in the instant case and no issue that is reasonably debatable. In our view the jury correctly decided this case on the basis of the testimony. We do not confront the situation which confronted Judge Chestnut in *Ortiz* where he had granted judgment n. o. v. and was fearful that his decision was debatable, however slightly so.

We decline to order the United States to pay the costs involved. It is true that the costs are not large, as plaintiff argues, and the Mustang can answer for the sum of $96.00.

The motion is denied. It is so ordered.