See also 57 F.R.D. 139.

**Robert L. ARMSTRONG, Plaintiff,**

**v.**

**Joseph W. ASHBURY et al.,
Defendants.**

**Civ. A. No. 69–851.**

United States District Court,
W. D. Pennsylvania.

April 27, 1973.

Wallace & Lipton, Pittsburgh, Pa., for plaintiff.

Brandt, Reister, Brandt & Malone, Pittsburgh, Pa., Albert C. Gekoski, Philadelphia, Pa., for defendants.

## MEMORANDUM and ORDER

McCUNE, District Judge.

A motion has been filed by defendant to dismiss the appeal of plaintiff in the within case for failure to comply with Rules 11 and 31 of the Rules of Appellate Procedure. The motion was filed January 9, 1973. We issued a Rule directing plaintiff to show cause why the appeal should not be dismissed. The Rule has been answered and a statement in the answer to the Rule (called Reply to Motion to Dismiss) compels us to discuss this case further. The statement is that "counsel for plaintiff appellant has been informed by Barron P. McCune, United States District Judge, that his payment of the printing costs in this case would amount to champerty and maintenance and would be unethical." The pleading goes on to state that plaintiff and his counsel find themselves in an impossible position and unable to pursue this appeal because plaintiff has no funds to pay the costs and his attorney is precluded from paying them for him.

Counsel is correct that we discussed the ethics of his paying the costs of appeal in chambers and absent any record and in conversation the court expressed the opinion that an attorney could not pay the costs of litigation. We discussed the ethics of the question for some time. Of course, there was no issue before the court on a question of ethics. The occasion was when notice of appeal had been filed on June 8, 1972, and plaintiff was required to post bond for costs in the amount of $250.00 as required by Rule 7. Plaintiff's counsel brought us a petition to reduce bond to $100.00. The defendant had consented to the order and on June 9, 1972, we reduced the bond accordingly in chambers. Defense counsel was not present because

of his endorsed consent and on June 9, 1972, the above described conversation took place when plaintiff's counsel told us that plaintiff was without funds and thus would require a reduction in bond and that he, counsel, would pay the plaintiff's costs.

We doubt that an off the record statement by a judge precludes counsel from doing anything. We confess there may be some confusion in the minds of counsel when a judge makes a statement in chambers but I doubt that my statement precluded counsel as I understand the word preclude.

I do not dispute counsel's statement that I said that his payment of the costs of appeal would be in violation of the canons under the circumstances and counsel must understand that I do not write this by way of admonishment. But counsel infers that I have placed plaintiff in a box because I have "informed" counsel that he cannot pay the costs of appeal and I have denied a petition for an order that the government pay his costs.

It may well be true that plaintiff is in a box. My only doubt is that counsel can claim that an off the record statement places him there.

Let us see what transpired later. Counsel apparently took my comment seriously and considered it an order or he may have done his own research and agreed with it. In any event, on October 2, 1972, he filed a motion that plaintiff be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 753 and 28 U.S.C. § 1915 because he had no funds. Counsel perhaps thought we would grant this motion out of hand because of our previous comment, but we researched the question and wrote an opinion refusing to order the government to pay the costs of this civil appeal. We found that costs of this kind should only be imposed on the government when a substantial question exists and "substantial" means something unique or unusual or reasonably debata-

ble, Ortiz v. Greyhound Corp., 192 F. Supp. 903 (D.Md., 1959). We pointed out that the payment of such costs must be approved by the Administrative Office and the funds must come from the miscellaneous expense fund of the courts.

For the reasons set forth in that opinion we denied the motion and we noted that the plaintiff had listed as an asset an automobile which would cover the costs of the appeal estimated at about $96.00.

We might digress to say that we found nothing unusual or unique in the appeal. The plaintiff had lost a negligence case in which he claimed that a truck had backed over his foot or leg. The jury had found that the truck driver was not negligent and had gone further in answering questions propounded to the jury and had found that plaintiff was contributorily negligent.

At this point plaintiff's counsel may have thought he had been put in a box. We assume that the plaintiff refused to sell his automobile.

Nothing further was heard until January 9, 1973, when the motion to dismiss the appeal was filed. The papers had apparently been returned from the Circuit in December of 1972 because Rule 11 had not been observed. Rule 11 requires the record to be sent to the Circuit within 40 days of the filing of notice of appeal. I assume that plaintiff did not furnish the record within this time. Rule 31 requires appellant's brief within 40 days after the date on which the record is filed and I assume the brief was not filed.

The reply to our order to show cause was filed January 26, 1973, and we have been responsible for the time which has meanwhile elapsed while we have considered this matter and have tried to accomplish the daily work. We regret the delay.

 We have decided that the off the record comment was not an order which "precluded" plaintiff's counsel from doing anything. The opinion refusing the imposition of these costs on the government is correct in our view and will stand of record. We will extend another 20 days to plaintiff to file his record and his brief and it will be up to plaintiff to decide where to get the money. At the end of that time if the record and brief is not filed the motion to dismiss shall be refiled and it will be granted.

This action is taken so that plaintiff will not be precluded from an appeal by what counsel has apparently considered an order when the so called "order" is not a part of the record.