854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas SHULER, Plaintiff-Appellant,
v.
Leroy RUSSELL, C. Jack Arrington, Gaston County Sheriff,
Mickey Cook, Vance Furr, James Robert Rathbone,
John Ruff, Haywood County Police
Department, Defendants-Appellees.
 No. 88-7093.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1988.
Decided Aug. 4, 1988.
 
 Douglas Shuler, appellant pro se.
 Tyrus Vance Dahl, Jr., Womble, Carlyle, Sandridge & Rice, for appellees Russell, Gaston County Sheriff, Cook.
 William Norris Farrell, Jr., Special Deputy Attorney General, Office of Attorney General of North Carolina, for remaining appellees.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Douglas Shuler, a North Carolina inmate, filed this pro se complaint under 42 U.S.C. Sec. 1983 alleging that defendants violated his fourth amendment right to be free from unreasonable searches and seizures. At the close of Shuler's case, the district court directed a verdict for defendants after determining that the contraband found in Shuler's home by the law officers fell within the "plain view" exception to the fourth amendment* and therefore, there was no basis for liability to any defendant. Shuler appeals; we affirm.
 
 
 2
 The record does not contain a transcript of the trial. Shuler has been granted in forma pauperis status; thus, the government may provide a free transcript if it is determined that the appeal presents a "substantial question." See 28 U.S.C. Sec. 753(f). In general appellant bears the burden of demonstrating non-frivolity and substantiality. See Maloney v. E.I. Dupont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967), cert. denied, 396 U.S. 1030 (1970). A "substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md.1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C.Cir.1970).
 
 
 3
 The proper standard of appellate review of a directed verdict is whether "there are no controverted issues of fact upon which reasonable men could differ." Walker Mfg. Co. v. Dickerson, Inc., 560 F.2d 1184, 1188 (4th Cir.1977) (quoting Proctor v. Colonial Refrigerated Transportation, Inc., 494 F.2d 89, 93 (4th Cir.1974)). Under this standard and upon consideration of the arguments raised by Shuler on appeal and the record presently before the Court, we are unable to find that Shuler has presented a substantial question warranting the preparation of a transcript at government expense. To the contrary, the materials before the Court suggest that the district court correctly found the evidence insufficient to establish that defendants violated Shuler's constitutional rights.
 
 
 4
 Accordingly, we affirm on the reasoning of the district court. Shuler v. Russell, C/A No. 86-586-M (W.D.N.C. Jan. 13, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 See Katz v. United States, 389 U.S. 347 (1967)