863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Clark MITCHELL, Plaintiff-Appellant,
v.
William S. VOSS, Sheriff, Maury County, Tennessee; Maury
County Jail, Tennessee; Maury County
Commissioners, Tennessee, Defendants-Appellees.
 No. 88-5257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1988.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and RICHARD A. ENSLEN, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for counsel and for a transcript at government expense on appeal from the district court's judgment after a jury verdict for the defendants in this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 At the time of the events described in the plaintiff's complaint, he was a prisoner at the Maury County, Tennessee Jail. The defendants are the jail, the sheriff in charge of the jail, and the county commissioners. The plaintiff alleged that the conditions of confinement at the jail violated his eighth amendment rights. Specifically, he complained about roach infestation in the cells. The case went to a jury trial; the jury returned a verdict in favor of the defendants.
 
 
 4
 This court can only order a transcript at government expense if a judge of this court certifies that the case is not frivolous but involves a substantial question. 28 U.S.C. Sec. 753(f). A substantial question is one that is reasonably debatable. Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md.1959). A transcript at government expense should only be granted in exceptional circumstances. 192 F.Supp. at 906.
 
 
 5
 In this case, we hold that the plaintiff has not presented a substantial question. The plaintiff alleges that the district court lost physical evidence which he wished to present at trial. However, an examination of the record does not show that the plaintiff ever submitted any such evidence to the district court. The plaintiff also complains that the district court did not serve the subpoenas the plaintiff requested. This issue is without merit because neither the Constitution nor the statutory law of the United States requires the government to pay the witness and mileage fees needed for the service of subpoenas under Fed.R.Civ.P. 45(c). Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.), cert. denied, 464 U.S. 917 (1983). Finally, the plaintiff alleges that the district court excluded certain evidence. However, the plaintiff does not specify what this evidence is. He simply has not provided enough information to state a substantial issue on this question.
 
 
 6
 Therefore, the motions for counsel and for a transcript at government expense are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation