52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Herbert Lee WILSON, Plaintiff-Appellant,
v.
William MORRIS; E.B. Freeman; Milton Palmore; Billy Gist;
Lester B. Jackson; Sheron Howard; Norbert
Schasa, Defendants-Appellees,
A.C. Gillis, Jr.; et al., Defendants.
 No. 94-5576.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Herbert Lee Wilson, a pro se California resident, appeals a district court judgment in favor of the defendants after a bench trial in this civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Wilson sued Shelby County, Tennessee, the mayor of Shelby County, and multiple Shelby County prison officials. The defendants were sued in their individual and official capacities. Wilson alleged that prison personnel rammed his head into a metal window frame breaking a vertebra in his neck. Following treatment at a local hospital, Wilson alleged that the prison doctor was deliberately indifferent to his serious medical needs by not placing Wilson in the prison's medical ward and by refusing to give Wilson his prescribed medications. Following a bench trial, the district court entered judgment on behalf of the defendants.
 
 
 4
 In his timely appeal, Wilson argues that the district court's judgment is not supported by the evidence. Wilson has moved for the appointment of counsel and a transcript prepared at government expense.
 
 
 5
 A motion for a transcript at government expense cannot be granted unless the court certifies that the appeal raises a substantial question. 28 U.S.C. Sec. 753(f). A substantial question is one that is reasonably debatable. Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md.1959). The motion should be granted only where the case presents unusual circumstances or where a new principle of law is involved. Id. at 906.
 
 
 6
 Wilson has not presented any unusual circumstances or a new principal of law. Wilson's brief does not dispute the accuracy of the district court's statement of the facts. Rather, Wilson merely argues that the district court's decision based on those facts was clearly erroneous. Under these circumstances, Wilson has not shown that he is entitled to a transcript at government expense.
 
 
 7
 Generally, findings of fact are reviewed on appeal only for clear error. Fed.R.Civ.P. 52(a). Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Even greater deference is required when the findings of fact rest upon credibility determinations. Id. at 575. Where there are two permissible views of the evidence, the factfinder's choice between them is not clearly erroneous. Id. at 574.
 
 
 8
 Wilson simply has not shown clear error. The district judge entered a detailed review of the evidence presented by both parties, along with conclusions of law. As the district judge noted, the entire case turned upon the question of witness credibility. Wilson's arguments on appeal are without merit because he disputes the district court's credibility determinations. As we have previously stated, the district judge's findings of fact are entitled to extraordinary deference because witness credibility is the determining factor in this case. Id. at 575. Therefore, giving great deference to the district court's credibility determinations, we conclude that the district court's judgment is not clearly erroneous. Id. at 573.
 
 
 9
 Accordingly, we deny the motions for appointed counsel and a transcript, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation