67 F.3d 296
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodney RHODAN; Kaloni Rhodan; Luchion Green, Jr., and
their minor children Pierre Rhodan, Le'Shawn
Rhodan, and Desera'e Green, Plaintiffs-Appellants,
v.
CHARLESTON COUNTY SHERIFF'S DEPARTMENT; Skip Gosnell,
Constable; Edward Randall Wallace, Deputy;
Donald Edward Owens, Deputy, Defendants-Appellees,
and County of Charleston; Thomas Lynn, Esquire, Defendants.
 No. 94-2053.
 United States Court of Appeals, Fourth Circuit.
 Sept. 11, 1995.
 
 Rodney Rhodan, Kaloni Rhodan, Luchion Green, Jr., Appellants Pro Se.
 Sandra J. Senn, STUCKEY & KOBROVSKY, Charleston, South Carolina, for Appellees.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Rhodan, Kaloni Rhodan, Luchion Green, Jr., and their minor children, Pierre Rhodan, Le'Shawn Rhodan, and Desera'e Green (collectively, "Appellants"), filed this 42 U.S.C. Sec. 1983 (1988) action alleging that Defendants trespassed on their property, illegally arrested them, and used excessive force to effectuate the arrests. Two Defendants, Skip Gosnell and Edward Randall Wallace, counterclaimed against Kaloni Rhodan for assault, battery, and destruction of property. The jury rendered a verdict in favor of Defendants on Appellants' claim, in favor of Wallace on his counterclaim, and in favor of Kaloni Rhodan on Gosnell's counterclaims. Appellants appeal, alleging various trial errors. We affirm.
 
 
 2
 The record does not contain a transcript of the trial. Appellants have been granted in forma pauperis status; thus, the government may provide a free transcript if it is determined that the appeal presents a "substantial question." See 28 U.S.C. Sec. 753(f) (1988). In general, appellants bear the burden of demonstrating non-frivolity and substantiality. See Maloney v. E.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967), cert. denied, 396 U.S. 1030 (1970). A "substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md.1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C.Cir.1970).
 
 
 3
 Under this standard and upon the consideration of the arguments raised by Appellants on appeal and the record presently before the court, we are unable to find that Appellants have presented a substantial question warranting the preparation of a transcript at government expense. To the contrary, the materials before the court suggest that there was no error at trial meriting reversal of the jury's verdict.
 
 
 4
 A jury verdict may only be reversed when there is a complete absence of probative facts to support the conclusions reached by the jury. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir.1983). The verdict must stand if, taking the evidence in the light most favorable to the Defendants, there is "any substantial evidence" to support it. See Vodrey v. Golden, 864 F.2d 28, 30 n. 4 (4th Cir.1988). "Substantial evidence" is such evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. Gibraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275, 1297 (5th Cir.1988), cert. denied, 490 U.S. 1091 (1989).
 
 
 5
 Defendants' version of the events, if believed by the jury, is more than sufficient to establish that Appellants' claims are without merit. The conflict between Appellants' allegations and the contentions of the Defendants most likely necessitated a credibility determination by the jury. Such a determination is not subject to review by this Court. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Therefore, because the record contains competent and substantial evidence to support the verdict, the jury's decision should not be disturbed.
 
 
 6
 Accordingly, we affirm the district court order entering judgment for Defendants and deny Appellants' motions to supplement the record and to vacate the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED