UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY RAY MITCHELL,
<u>Plaintiff-Appellant,</u>

v.

J. E. STRICKLAND,
<u>Defendant-Appellee,</u>

No. 95-7015

and

LILLIE MAE BROWN; GARY T. DIXON;
L. C. BROWN, JR.; JOHN W. ACREE;
V. LEE BOUNDS,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-92-825-5-BR)

Submitted: November 30, 1995

Decided: May 31, 1996

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry Ray Mitchell, Appellant Pro Se. James Peeler Smith, Assistant
Attorney General, Elizabeth F. Parsons, OFFICE OF THE ATTOR-

NEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Ray Mitchell, a North Carolina state prisoner, filed this 42 U.S.C. § 1983 (1988) action alleging that Lillie Mae Brown, a correctional officer, sexually assaulted and harassed him on multiple occasions. Mitchell also asserted that Gary T. Dixon, J.E. Strickland, and John Acree, supervisory prison officials, took no meaningful action in response to his complaints regarding Brown, thereby tacitly authorizing Brown's conduct.

After Brown failed to timely appear, the district court entered a default judgment against her, establishing her liability but reserving the issue of damages for a jury trial. Subsequently, the court dismissed the claims against Dixon, finding that Mitchell failed to allege that Dixon had actual knowledge of Brown's alleged abuse.

During the jury trial, the district court granted judgment as a matter of law in favor of Acree at the close of Mitchell's case and judgment as a matter of law in favor of Strickland at the close of all evidence. The jury returned a verdict against Brown of $1.00 compensatory damages and $7,500 punitive damages. Mitchell appeals the grant of judgment as a matter of law in favor of Strickland.* We affirm.

_____

*Although Mitchell's informal brief attempts to raise additional issues on appeal, the scope of the appeal is determined by the specific terms of the notice of appeal. Fed. R. App. P. 3(c). Because Mitchell's notice of appeal specifically limited the claims on appeal to the grant of judgment as a matter of law in favor of Strickland, we will not review any other issues.

2

The record does not contain a transcript of the trial. Because Mitchell has been granted in forma pauperis status, the government may provide a free transcript if it is determined that the appeal presents a "substantial question." See 28 U.S.C.§ 753(f) (1988). In general, appellants bear the burden of demonstrating non-frivolity and substantiality. See Maloney v. E. I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970). A "substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F. Supp. 903, 905 (D. Md. 1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970).

Under this standard and upon consideration of the record presently before the court, we are unable to find that Mitchell has presented a substantial question warranting the preparation of a transcript at government expense. To the contrary, the materials before the court suggest that there was no error at trial meriting reversal of the court's order.

The standard for granting a motion for judgment as a matter of law is whether the evidence is so substantial or conclusive that any contrary verdict would necessarily be based on speculation or conjecture. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). In considering such a motion, the court must construe the evidence in the light most favorable to the party against whom the motion is made. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir. 1987). This court reviews de novo the grant or denial of a motion for judgment as a matter of law. Gairola, 753 F.2d at 1285.

Mitchell asserted that Strickland failed to investigate his complaints of sexual abuse and harassment and failed to take any steps to curtail the abuse. To prove supervisory liability, Mitchell must show that he faced a pervasive, unreasonable risk of harm from a specified source and that Strickland failed to take corrective action as a result of deliberate indifference or tacit authorization of the offensive practice. Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Single or isolated incidents generally do not satisfy this burden of proof. Id.

3

Mitchell contends that he informed Strickland of Brown's behavior by filing a grievance. However, although Mitchell alleged that he told Strickland that Brown fondled and harassed him, the written grievance alleged only that Brown conducted a search of Mitchell and that Mitchell was under the impression that cross-gender searches were impermissible. Strickland discussed the grievance with Mitchell and told Mitchell that correctional policies authorized cross-gender searches. Strickland then dismissed the grievance, and the dismissal was upheld on appeal. After the dismissal of his grievance, Mitchell did not again approach Strickland or any other supervisory official to complain of Brown's behavior.

Notwithstanding Mitchell's allegations that he orally informed Strickland of the full extent of Brown's actions, Mitchell's grievance states only that he was searched by a female officer. Strickland's response appropriately addressed every issue raised in the written grievance. Mitchell never again formally or informally complained of Brown's behavior. It cannot be said, under these facts, that Strickland acted with deliberate indifference to the risk of harm that Brown presented. In any event, this single, isolated incident of alleged improper investigation does not satisfy the heavy burden of proving supervisory liability. Slakan, 737 F.2d at 373.

Therefore, because the record contains substantial and conclusive evidence to support the grant of judgment as a matter of law, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4