**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERNEST DAVIS,
<u>Plaintiff-Appellant,</u>

v.

JAMES N. ROLLINS, Warden;
ELMANUS HERNDON, Acting
Commissioner,
<u>Defendants-Appellees.</u>

No. 96-6135

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CA-93-1429-AW)

Submitted: May 14, 1996

Decided: June 18, 1996

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ernest Davis, Appellant Pro Se. John Joseph Curran, Jr., Attorney
General, Glenn William Bell, OFFICE OF THE ATTORNEY GEN-
ERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest Davis appeals from a district court judgment denying relief on his complaint filed under 42 U.S.C. § 1983 (1988). Davis's action alleges that prison officials confined him to disciplinary segregation for ninety days to a cell which lacked an operational toilet or any working plumbing whatsoever. The district court, following a bench trial, entered judgment in favor of the Defendants based on its determination that the events Davis complained of never occurred.

The record contains no transcript of the trial, and Davis has been granted in forma pauperis status. The government may therefore provide a free transcript if it is determined that the appeal presents a "substantial question." See 28 U.S.C.§ 753(f) (1988). Appellants generally bear the burden of demonstrating non-frivolity and substantiality. See Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970). A "substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md. 1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970).

In this case, the district court's decision rested in part upon its finding that Davis was an incredible witness. "Absent compelling evidence to the contrary," this Court will not overturn a district court's factual determinations regarding witness credibility. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). In this case, both logic and the evidence of record only further support the district court's conclusion that Davis's claims are incredible. As the district court pointed out in its opinion, the unlikelihood that Davis's fellow inmates would have passively accepted the odor of feces from Davis's toilet for ninety days, or the duty of collecting Davis's bodily wastes

2

through the trash system, as Davis claimed they did, is readily apparent. Davis does not dispute the district court's notation that not even the inmates he called to testify on his behalf would corroborate his claims.

Moreover, prison records contradicted Davis's claims. Prison policy required inspection of all cells for working plumbing prior to placement of inmates, and prohibited placement if the plumbing was not in working order. Guards patrolled the South Wing of the prison where Davis resided each day, yet did not report any odor or other problems either on their own or at Davis's request. Nor did prison records reflect that Davis ever complained, as he said he did, to prison administrators.

Accordingly, we find no find no reasonably debatable issue justifying provision of a transcript at government expense. The order of the district court entering judgment in favor of the Defendants is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3