**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JACKIE RAY SMITH,
<u>Plaintiff-Appellant,</u>

v.

No. 95-8569

WILLIAM C. DUNCIL, Warden; ROY
WHITE, Hospital Administrator;
EARNEST HART, Dr.,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, District Judge.
(CA-95-54-2)

Submitted: October 15, 1996

Decided: November 5, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jackie Ray Smith, Appellant Pro Se. George Freeman, OFFICE OF
THE ATTORNEY GENERAL, Charleston, West Virginia; Peter
Gregory Zurbuch, Bridgette Rhoden Wilson, BUSCH & TALBOTT,
Elkins, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jackie Smith, a West Virginia prisoner, appeals the district court's order granting Defendants summary judgment and denying relief on his complaint filed under 42 U.S.C. § 1983 (1994). Smith's action alleges that, following a skin test in 1995 which revealed that he had been exposed to tuberculosis (TB), but did not have active TB, prison personnel have been deliberately indifferent to his medical needs by failing to provide him preventive medication which would help to ensure that he does not develop active TB. The district court's order grants the Defendants summary judgment "[f]or the reasons expressed on the record," but we note that the record in this case contains no transcript of the summary judgment hearing at which the court expressed such reasons.

Because Smith has been granted in forma pauperis status, the government may provide him a free transcript if it is determined that his appeal presents a "substantial question." See 28 U.S.C. § 753(f) (1994). Appellants generally bear the burden of demonstrating non-frivolity and substantiality. See Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970). A "substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F. Supp. 903, 905 (D.Md. 1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970).

We conclude that Smith has failed to demonstrate a substantial question justifying provision of a free transcript. It is apparent from the record that the medical personnel at the prison where Smith resides do not believe that Smith needs the treatment he seeks. Smith's condition has been regularly monitored for any sign of active

2

TB and, based on prison policy, such monitoring presumably will continue. An inmate's disagreement with his physicians' prescribed course of treatment does not state a claim under § 1983 unless exceptional circumstances are alleged. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Particularly since Smith has presented no evidence tending to contradict the opinions of his physicians, we find no exceptional circumstances in this case.

Accordingly, the order of the district court granting the Defendants summary judgment is affirmed. In light of our disposition, we deny Smith's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3