**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN C. POTEAT,
Plaintiff-Appellant,

v.

PRINCE GEORGE'S COUNTY; ARCHIE L.
O'NEIL,                                                    No. 96-7310
Defendants-Appellees,

and

BROWNING-FERRIS, INCORPORATED,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William G. Connelly, Magistrate Judge.
(CA-95-2238-JFM)

Submitted: August 19, 1997

Decided: September 3, 1997

Before HAMILTON and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John C. Poteat, Appellant Pro Se. Sean Daniel Wallace, Laura Jean
Gwinn, COUNTY ATTORNEY'S OFFICE, Upper Marlboro, Mary-
land, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Poteat appeals a jury verdict rendered against him in his 42 U.S.C. § 1983 (1994) action alleging, among state claims, deprivation of civil rights arising out of a traffic stop. The record does not contain a transcript of the jury trial. Poteat has been granted in forma pauperis status; thus, the Government may provide a free transcript if it is determined that the appeal presents a "substantial question." See 28 U.S.C. § 753(f) (1994). Appellant bears the burden of demonstrating non-frivolousness and substantiality. See Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967). A substantial question has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F. Supp. 903, 905 (D. Md. 1959), or one "where the law appears to be settled, but where the Appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970). Conclusory allegations do not establish a substantial question. King v. Carmichael, 268 F.2d 305, 306 (6th Cir. 1959).

An appellate court must accept a jury's verdict if it is supported by substantial evidence. See Vodrey v. Golden, 864 F.2d 28, 30 n.4 (4th Cir. 1988). "Substantial evidence" is such relevant evidence that a reasonable mind could accept as adequate to support the conclusion even if different conclusions might also be supported by the evidence. Gibraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275, 1297 (5th Cir. 1988). A jury verdict cannot be set aside unless the evidence, viewed in the light most favorable to the Appellee, is so clear that reasonable people could reach no other conclusion than that asserted on appeal. Coates v. Daugherty, 973 F.2d 290, 293 (4th Cir. 1992).

Under this standard and upon consideration of the arguments raised by Poteat on appeal and the record presently before the Court, we conclude that Poteat does not present a substantial question warrant-

2

ing the preparation of a transcript at government expense. Accordingly, we deny Poteat's motion for a transcript at government expense and affirm the jury's verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED