**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RONNIE DEAN JONES,
<u>Plaintiff-Appellant,</u>

v.

RICHARD A. YOUNG; INVESTIGATOR

LESTER; GEORGE E. DEEDS; ROGER S.
DAVIS; M.L. MULLINS; J. O'QUINN,
Officer; SERGEANT MINTON; RICHARD
FLEMING,
<u>Defendants-Appellees.</u>

No. 96-7787

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James P. Jones, District Judge.
(CA-96-122-R)

Submitted: December 2, 1997

Decided: January 14, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronnie Dean Jones, Appellant Pro Se. Mark Ralph Davis, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-
ginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronnie Jones appeals from a district court judgment entered pursuant to a jury verdict in favor of Defendant correctional officer Roger Davis in connection with Jones's excessive force action brought under 42 U.S.C. § 1983 (1994). Jones alleged that Davis beat him after Jones directed racial slurs and inflammatory comments about Davis's wife at Davis. Davis denied ever striking Jones.

We must accept the jury's verdict if it is supported by substantial evidence. See Vodrey v. Golden, 864 F.2d 28, 30 n.4 (4th Cir. 1988). "Substantial evidence" is such relevant evidence that a reasonable mind could accept as adequate to support a conclusion even if different conclusions might also be supported by the evidence. See Gibraltar Sav. v. LD Brinkman Corp., 860 F.2d 1275, 1297 (5th Cir. 1988). The record, however, contains no transcript of the trial, and the government may provide a free transcript only if the appeal presents a "substantial question." See 28 U.S.C. § 753(f) (1994). A "substantial question" is one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D. Md. 1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970). Generally, appellants bear the burden of demonstrating non-frivolity and substantiality. See Maloney v. D.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967).

We find that Jones fails to demonstrate a substantial question on appeal. He contends that the correctional officers who testified against him at his trial were untruthful. Resolution of the conflicting versions of events presented at trial, however, necessitated a credibility determination by the jury. The jury's credibility determinations are not subject to review by this court. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

2

Jones also complains that his case was weakened by the State's failure to conduct polygraph examinations on the persons allegedly directly involved in the beating incident, and failure to perform DNA testing on blood from a shirt Jones says that he wore during the alleged attack. Jones asserts that DNA testing would prove that the blood belonged to Davis, and support his claim that Davis punched him in the mouth, scratching his hand in the process. Jones cites no authority which would obligate the State to provide either form of testing. He cannot reasonably expect the State to bear the expense and burden of proving his case for him.

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3