Beatrice JAFFE, Appellant,

v.

UNITED STATES of America, Appellee.

United States Court of Appeals Second Circuit.

Motion Argued June 3, 1957.

Decided July 1, 1957.

Leon Port, New York City, for the motion.

Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, opposed.

Before HAND and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

The plaintiff brought an action under § 802(c) of Title 38 U.S.C.A., to recover $10,000 for the death of her husband, after being discharged from service in the United States Army. Judge Dimock heard the evidence and dismissed the complaint upon the merits; but upon the plaintiff's appeal granted her the privilege of suing *in forma pauperis* under § 1915(a) of Title 28 U.S.C. because he was unwilling to certify that the appeal was "not taken in good faith," although he refused to direct the "proceedings to be transcribed." The only warrant for this motion is that we should so direct under § 753(f) of Title 28, which allows a district or a circuit judge to "certify" that "the appeal is not frivolous but presents a substantial question." An appeal not taken in "good faith," as described in § 1915(a) is not the same as a "frivolous" appeal, for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter. Nevertheless, the supporting affidavit contains nothing from which we can decide that the appeal "presents a substantial question," and Judge Dimock thought it did not. All it says is that

a "preponderance of evidence" indicated that the plaintiff's husband was "permanently disabled," and that only "one conclusion" was possible from the medical evidence. We are of course aware that a thorough decision whether there was a substantial question would depend upon a scrutiny of the whole record; so that, speaking literally, we could not adequately decide the motion until after we had granted it. Plainly, therefore, we must proceed upon what the motion papers contain, and they state only bare conclusions. Thrown back upon these we hold that the contents of the record as therein stated do not appear in enough detail to support the motion.

Motion denied.

Time to file the record on appeal is extended to October 1, 1957.