589 F.2d 358
 Lucile RHODES, Appellant,
v.
CORPS OF ENGINEERS OF the UNITED STATES ARMY, Martin R.
Hoffman, Secretary of the Army, Lt. Gen. John W. Morris,
Chief of Engineers, Corps of Engineers of the United States
Army, Brig. Gen. William E. Read, Division Engineer, Corps
of Engineers, Missouri River Division, Col. James W. Ray,
District Engineer, Corps of Engineers, Omaha District, Appellees.
 No. 78-1712.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 28, 1978.
 
 Edna R. Atkins, Atty., Legal Aid Society, Omaha, Neb., Court appointed, for appellant.
 Paul W. Madgett, Asst. U. S. Atty., Omaha, Neb., for appellees.
 Before HEANEY and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff originally filed her complaint in the district court alleging that she was removed from her employment with the Corps of Engineers because of age and race discrimination in violation of 29 U.S.C. § 621, et seq. and 42 U.S.C. § 2000e-16. The district court allowed her to proceed below in forma pauperis. After a plenary hearing the court found "that plaintiff's charges of racial and age discrimination are unsubstantiated by the evidence," and entered judgment in favor of the defendant, each party to pay its own costs. Plaintiff's counsel then moved to be relieved as counsel for plaintiff "for the reasons that in view of the evidence and the law in the case, counsel cannot proceed with the appeal herein." Counsel's motion was granted by the court.
 
 
 2
 Plaintiff thereafter filed a timely notice of appeal pro se. The appeal was docketed by the clerk of the court of appeals in accordance with Fed.R.App.P. 24(a). Appellant then filed a motion for appointment of counsel. To aid us in determining whether counsel should be appointed to process the appeal we reappointed counsel of record below for the limited purpose of assisting appellant in the designation of the record on appeal. We also directed that all exhibits filed in the district court be forwarded to the court of appeals, which was done.
 
 
 3
 In the course of designating the record appellant applied to the district court for an order that a transcript of the trial be transcribed at the expense of the United States on the ground that all the evidence adduced at the trial "is material to the substantial questions presented on appeal."[1] The district court denied the motion upon the grounds that "it appears to the Court that said appeal is frivolous and not taken in good faith," and certified "pursuant to Title 28, U.S.C. § 1915(a), that said appeal is not taken in good faith."
 
 
 4
 It should be further noted that 28 U.S.C. § 753 provides that "(f)ees for transcripts furnished in other proceedings (civil actions such as this) to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."
 
 
 5
 The problem is that in many cases it will be difficult for the court to determine whether substantial questions are presented unless the complete record is available. In Jaffe v. United States, 246 F.2d 760 (2d Cir. 1957), the district judge had allowed an appeal in forma pauperis under 28 U.S.C. § 1915(a) but had refused to direct that the proceedings be transcribed because he thought the appeal did not present a substantial question. In denying the motion, Judge Learned Hand, speaking for the court of appeals, stated:
 
 
 6
 We are of course aware that a thorough decision whether there was a substantial question would depend upon a scrutiny of the whole record; so that, speaking literally, we could not adequately decide the motion until after we had granted it. Plainly, therefore, we must proceed upon what the motion papers contain, and they state only bare conclusions. Thrown back upon these we hold that the contents of the record as therein stated do not appear in enough detail to support the motion.
 
 
 7
 Jaffe v. United States, supra, 246 F.2d at 762.
 
 
 8
 We recognize that doubts about the substantiality of the issues on appeal and the need for a transcript to examine them should be resolved in the favor of the petitioner. See Lee v. Habib, 137 U.S.App.D.C. 403, 424 F.2d 891, 905 (1970). However, in the instant case, as in Jaffe v. United States,supra, we are faced with conclusory allegations that the trial court erred in failing to find appellant's charges, that her dismissal was due to race and age discrimination, are substantiated by the evidence.
 
 
 9
 We have examined the exhibits introduced at trial including the file on the removal appeal of appellant to the Civil Service Commission. We are satisfied that appellant has failed to demonstrate that the appeal presents a substantial question. See Maloney v. E. I. DuPont de Nemours & Co., 122 U.S.App.D.C. 268, 396 F.2d 939 (1967), Cert. denied, 396 U.S. 1030, 90 S.Ct. 585, 24 L.Ed.2d 525 (1970). We cannot say that the district court abused its discretion in refusing to certify that the appeal is not frivolous but presents a substantial question, and in fact certified that the appeal is frivolous and not taken in good faith.
 
 
 10
 Appellant is directed to show cause, if any she has, why this appeal should not be dismissed as frivolous within 15 days of the filing of this opinion.
 
 
 
 [1]
 In substance appellant in her statement of issues on appeal alleges that the trial court erred in finding appellant's charges of age and race discrimination are unsubstantiated by the evidence