**Millicent LINDEN, Plaintiff,**

v.

**HARPER & ROW INC., Defendant.**

**No. 75 Civ. 1435 (VLB).**

United States District Court,
S. D. New York.

March 27, 1979.

Millicent Linden pro se.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff has appealed from the judgment in this action predicated upon my opinion after a bench trial, which judgment dismissed her action against defendant for copyright infringement. By memorandum endorsed dated February 11, 1979, I approved plaintiff's application to appeal *in forma pauperis.*

Plaintiff has submitted for approval by me an application that a stenographic transcript of the trial be prepared for plaintiff at the expense of the government.

■ Plaintiff's application is denied. I find that the appeal does not present a substantial question, and that a trial transcript is not necessary to the presentation of the appeal.

Pursuant to 28 U.S.C. § 753(f), "Fees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but

presents a substantial question)." The standard for determining whether an appeal is not frivolous but presents a substantial question for the purposes of Section 753(f) is whether the issue on appeal "judged on an objective basis, is a question which is 'reasonably debatable.' " *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y.1976). An additional factor is whether the transcript is necessary for the presentation of the appeal. *Id.* at 97–98 and n.7.

Plaintiff presents as the issue on appeal her contention that the opinion underlying the judgment did not address the allegations of the complaint, because the opinion referred to illustrations in a 1971 publication of plaintiff rather than to the publications with respect to which she claimed infringement. An order dated January 5, 1979, denying plaintiff's motion for reconsideration, made it clear that the illustrations in plaintiff's 1961, 1962 and 1966 publications were in fact found not to be infringed. The trial transcript is not necessary for presentation of this appeal: plaintiff contends that the opinion upon which the judgment is based does not meet the issues in her complaint, and a transcript of the trial is not necessary for consideration of this contention.

My finding that plaintiff's appeal does not present a substantial question for purposes of a Section 753(f) free trial transcript is not inconsistent with my prior approval of plaintiff's application to appeal *in forma pauperis*, pursuant to 28 U.S.C. § 1915 and Rule 24, Fed.R.App.P. The standards are not the same.

An appeal may be taken *in forma pauperis* unless the trial judge certifies that the appeal is not taken in "good faith." Good faith in this context means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

An appeal may not be frivolous under the "good faith" test of Section 1915 and Rule 24 "good faith", and yet may be frivolous as not presenting a "substantial question" for the purposes of Section 753(f). "An appeal not taken in 'good faith' as described in § 1915(a) is not the same as a 'frivolous' appeal, for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter." *Jaffe v. United States*, 246 F.2d 760, 761 (2d Cir. 1957) (Hand, J.).

 Moreover, to equate the requirements for certification of an *in forma pauperis* appeal with those for certification of an application for a free trial transcript would render the language of Section 753(f) superfluous and meaningless. Rule 753(f) contemplates that the appeal already has been certified *in forma pauperis* and authorizes determination at that point of whether a free trial transcript is warranted on the ground that "the appeal is not frivolous (but presents a substantial question)."

SO ORDERED.