Sherman L. HANDLEY, et ux, Plaintiffs,

v.

UNION CARBIDE CORPORATION, Defendant.

Civ. A. No. 84–2270.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 6, 1985.

Alfred B. McCuskey, II, St. Albans, W.Va., for plaintiffs.

W.T. Shaffer, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

Pending before the Court are the motions of the Plaintiffs for leave to proceed on appeal *in forma pauperis* and for an order staying enforcement of the judgment entered by this Court on October 17, 1985, 620 F.Supp. 428.

Turning first to the matter of an *in forma pauperis* appeal, the Court notes that the Plaintiffs' motion is essentially in two parts. First, the Plaintiffs ask leave to proceed on appeal *in forma pauperis* without prepayment of fees or costs or giving security therefor, pursuant to the provisions of 28 U.S.C. § 1915(a). Second, the Plaintiffs' request that the cost of a transcript of the proceedings be paid by the United States, pursuant to the provisions of 28 U.S.C. § 753(f).

■ Section 1915(a) provides as follows:

"Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The test for determining whether the appeal is taken in good faith is addressed to the issues raised on appeal. They must not be frivolous. *Miranda v. U.S.*, 458 F.2d 1179 (2d Cir.) *cert. denied*, 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972); *Gordon v. Secretary of State of Wisconsin*, 462 F.Supp. 307 (E.D.Wis.1978). Although a court may *sub silentio* make a finding that nonfrivolous issues are raised, the Court here will affirmatively note that this appeal appears to be brought in good faith within the meaning of Section 1915(a).

■ Addressing the threshold question of financial eligibility, the Court finds the Plaintiffs to meet the requirements of Section 1915(a). The following factors were considered by the Court in making such a finding:

1. Both Handleys are unemployed.

2. Their checking and savings accounts total approximately $100.00.

3. Mr. Handley states that his monthly gross income from Social Security disability and a disability insurance policy is approximately $1,400.00 per month; however, he also asserts that his monthly expenses exceed that amount. The Court does not know what kind of health benefits Handley receives, such as medical insurance, but assumes that his condition produces some added expense for his family.

4. The Handleys do own a home with approximately $30,000.00 of its value in equity. The Handleys' income, however, would not appear to allow for interest or principal payments on any loan against such equity. Moreover, it is unlikely if a lending institution would advance a loan with no reliable income stream available. In any event, in *Adkins v. duPont Company*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), the Supreme Court impliedly rejected the notion that an appellant should have to mortgage her home to pay the cost of appeal. As the Second Circuit recently noted in *Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir.1983): "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Id.* at 244.

■ Section 753(f) provides, in pertinent part, that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal *in forma pauperis* shall ... be paid by the United States if the trial judge ... certifies that the appeal is not frivolous (but presents a substantial question)." This section differs from Section 1915(a) in that it requires a court to affirmatively find that the appeal is not frivolous. Moreover, although the standard of review would appear to be the same as Section 1915(a), it is not. *Moon v. U.S.*, 422 F.2d 692 (D.C.Cir.1969). Before allowing a free transcript, a court must determine that the appeal presents a substantial question. A "substantial question" within the meaning of Section 753(f) has been defined as one which is "reasonably debatable". *Harlem River Consumers Co-Op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y.1976) (*citing Ortiz v. Greyhound Corporation*, 192 F.Supp. 903 (D.M. D.1959)). Further elaboration was offered in *Linden v. Harper & Rowe, Inc.*, 467 F.Supp. 556 (S.D.N.Y.1979):

> "An appeal may not be frivolous under the 'good faith' test of Section 1915 and Rule 24 'good faith,' and yet may be frivolous as not presenting a 'substantial question' for the purposes of Section 753(f). 'An appeal not taken in "good faith" as described in § 1915(a) is not the same as a "frivolous" appeal, for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter.' "

*Id.* at 558 (*quoting Jaffe v. U.S.*, 246 F.2d 760, 761 (2d Cir.1957) (J. Hand)).

In deciding whether this appeal will raise substantial questions, the Court recognizes the unique nature of this case. This is a case which arises under the new *Mandolidis*[1] statute[2] of West Virginia. The Memorandum Opinion and Order of this Court granting the Defendant's motion for a judgment n.o.v. appears to be the first judicial interpretation of that statute. This consideration persuades the Court that the appeal will raise substantial questions, such as the operative definitions of "commonly accepted and well-known safety standard within the industry" and "specific unsafe working condition."[3]

■ The Plaintiffs have also moved the Court for orders staying enforcement of the judgment and fixing the amount of the supersedeas bond. The Court does not find it necessary to grant these motions. The judgment entered against the Plaintiffs did not contain any element of monetary or injunctive relief. Consequently, the Court finds nothing to stay. Plaintiffs, however, are welcome to reapproach the Court at a later time if they can identify with greater specificity any matter flowing from the October 17 judgment which threatens to cause them irreparable harm. Moreover, because the October 17 judgment required no monetary transfer, the Court finds that a supersedeas bond is unnecessary.

In consideration of the foregoing, the Court hereby ORDERS as follows:

1. The Plaintiffs' motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. The Plaintiffs may proceed on appeal without prepayment of fees and costs or security therefor. In the event, however, that the Plaintiffs receive any recovery from this action, such recovery shall be paid into the hands of the Clerk of the Court, who shall pay therefrom all fees and costs unpaid by the Plaintiffs because of their pauperis status. The Clerk shall then remit the balance to the Plaintiffs or their attorney.

2. The Plaintiffs' motion to have the cost of the transcript paid by the United

---

1. *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978).

2. *W.Va.Code*, § 23–4–2 (Effective date: May 8, 1983).

3. The wording of the statute makes clear that a court has to certify that a transcript is needed to decide the issue presented on appeal only in proceedings brought under 28 U.S.C. § 2255. 28 U.S.C. § 753(f). Nevertheless, to remove any doubt, the Court certifies that a transcript is necessary in this appeal because of the Court's earlier determination that the evidence at trial was insufficient to support the verdict.

States is granted. The Court certifies that this appeal is not frivolous but will raise substantial questions.

3. The Plaintiffs' motion for a stay of the enforcement of the October 17, 1985, order is denied as unripe.

4. The Plaintiffs' motion for an order fixing the amount of the supersedeas bond is denied.

The Clerk is directed to send a certified copy of this Order to counsel of record.