829 F.2d 37
 1988 A.M.C. 1617
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie J. WAITES, Jr., Plaintiff-Appellant,
v.
FARRELL LINES, INC., Defendant-Appellee.
 No. 86-2187
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1987.
Decided: September 8, 1987.
 
 Willie J. Waites, Jr., appellant pro se.
 Andrew Jackson Timms, Seawell, Dalton, Hughes & Timms, for appellee.
 Before DONALD RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willie Waites, Jr. was employed as a seaman on the Export Champion, a ship owned by defendant-appellee Farrell Lines, Inc. (Farrell). Waites tripped over a hatch cover and injured his left hand and arm. He was sent to a doctor, found unfit for service and dismissed. He sued to recover for his injuries under the Jones Act, 46 U.S.C. Secs. 688 et seq., and under general principles of maritime law, asserting that Farrell was negligent and the vessel was unseaworthy.
 
 
 2
 The jury found for Farrell, finding that the defendant-appellee was not negligent and that the vessel was seaworthy. The jury awarded Waites $1470 for his medical expenses. Waites appeals.
 
 
 3
 Waites has applied for in forma pauperis status and has requested a trial transcript at government expense. 28 U.S.C. Sec. 753(f). To establish entitlement to a transcript, Waites must show that his appeal raises a 'substantial question.' 28 U.S.C. Sec. 753(f). A substantial question is one that is 'reasonably debatable.' Handley v. Union Carbide Corp., 622 F. Supp. 1065 (S.D.W. Va. 1985), aff'd on other grounds, 804 F.2d 265 (4th Cir. 1986). A mere conclusory challenge to the sufficiency of the evidence does not establish a substantial question. Jaffe v. United States, 246 F.2d 760, 762 (2d Cir. 1957); Harlem River Consumer Cooperative, Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93 (S.D.N.Y. 1976).
 
 
 4
 Waites' appeal raises just such a conclusory challenge. He does not challenge any specific evidence admitted or rejected, any trial rulings by the judge, or the jury instructions. He merely challenges the jury's conclusion that he is not entitled to greater compensation. Thus, we conclude that Waites has not raised a substantial question entitling him to a transcript at public expense.
 
 
 5
 A jury's verdict as to the seaworthiness of a vessel and the negligence of an employer must be upheld if there is a reasonable evidentiary basis supporting the verdict. Springborne v. American Commercial Barge Lines, Inc., 767 F.2d 89 (5th Cir. 1985). After reviewing the record before us, we conclude that an evidentiary basis supports the verdict. The record does not reflect any evidence of negligence or unseaworthiness of the vessel.
 
 
 6
 Similarly, a jury award for maintenance or cure will be upheld if an evidentiary basis supports the verdict. See Thezan v. Maritime Overseas Corp., 708 F.2d 175, 182 (5th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Waites lived at his mother's home, and apparently incurred no maintenance costs, so the jury's failure to award him maintenance is not error. Gosnell v. Sea-Land Services, Inc., 782 F.2d 464 (4th Cir. 1986); Nichols v. Barwick, 792 F.2d 1520 (11th Cir. 1986). Nor does the record reflect that Waites was entitled to further compensation for medical costs.
 
 
 7
 Based on the information before us, we uphodl the jury verdict. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.