951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eddie EVANS, Plaintiff-Appellant,
v.
CITY OF TULSA, a municipality; Defendant-Appellee,
Paul PAYNE, jointly and individually, Defendant.
 No. 91-5019.
 United States Court of Appeals, Tenth Circuit.
 Jan. 7, 1992.
 
 ORDER AND JUDGMENT*
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Eddie Evans brought this action against the City of Tulsa alleging that in terminating his employment the city discriminated against him on the basis of race and for exercise of his First Amendment rights, in violation of 42 U.S.C. §§ 1981 and 1983. He also asserted pendent state court claims. The action was tried to a jury in what was a nine or ten day trial, with the jury rendering a verdict in favor of the city on all claims. When his motion for judgment notwithstanding the verdict was denied, plaintiff took the instant appeal.
 
 
 3
 On appeal plaintiff argues that he is entitled to reversal of the judgment on the basis of the following claims:
 
 
 4
 1. He was denied due process by the city's forty-five day suspension without giving him the opportunity to respond to the allegations against him;
 
 
 5
 2. The city unlawfully interfered with his right of access to the judicial process;
 
 
 6
 3. The city violated his First Amendment right to free speech;
 
 
 7
 4. The court erred when it allowed defendant Payne's counsel to participate in the trial after plaintiff dismissed Payne from the suit;
 
 
 8
 5. The city demonstrated deliberate indifference to plaintiff's right to appeal his termination to a court of law;
 
 
 9
 6. The court erred when it failed to allow plaintiff to introduce expert testimony of the city's historical discrimination against its black supervisory employees;
 
 
 10
 7. The court erroneously instructed the jury that racial discrimination was an element of each of plaintiff's claims; and
 
 
 11
 8. The court erred when it failed to disqualify the firm of Hall, Estill, Harkwick, Gable, Golden & Nelson from participation in the case.[1]
 
 
 12
 The city argues that we cannot overturn the district court's judgment because each alleged error requires analysis of the transcript of the trial and the court's rulings and instructions, and plaintiff has not provided any such transcripts. See McEwen v. City of Norman, Okla., 926 F.2d 1539, 1550 (10th Cir.1991) ("when an appeal is based upon a challenge to any ruling or order, a copy of pages of the reporter's transcript at which the ruling or order and any necessary objection are recorded must be included"); Southwest Forest Indus., Inc. v. Sutton, 868 F.2d 352, 356 (10th Cir.1989) (alleged improper jury instructions cannot be reviewed if instructions are not in the record), cert. denied, 110 S.Ct. 1320 (1990); Neu v. Grant, 548 F.2d 281, 286 (10th Cir.1977) ("Matters not appearing in the record will not be considered by the court of appeals.").
 
 
 13
 Tenth Circuit Rule 10.2.3 states as follows:
 
 
 14
 Required Transcript. When an appeal is based upon a challenge to the admission or exclusion of evidence, the giving or failure to give a jury instruction, or any other ruling or order, a copy of the pages of the reporter's transcript at which the evidence, offer of proof, instruction, ruling, or order and any necessary objection are recorded must be included.
 
 
 15
 Plaintiff, who is proceeding pro se, says he cannot afford to pay for a trial transcript. He made a motion in the district court for a free transcript, which the court denied. Plaintiff apparently ordered a partial transcript, as he attached to his brief a forty-eight page transcript of the direct examination of witness Joseph Michael Dowd.
 
 
 16
 We have examined carefully the appellate record that was provided to us, consisting of the complaint, motions filed in district court, briefs in support of those motions, a pretrial order and an amended pretrial order, and rulings by the court. We have also examined carefully the partial transcript attached to plaintiff's brief. This record contains no jury instruction and absolutely nothing that would permit us to evaluate any of the arguments made by plaintiff in his appellate brief.
 
 
 17
 The record contains nothing with respect to the city's suspension of plaintiff except the city's allegation that the suspension was with pay and that Evans was given a full hearing before his termination. There is some assertion that hearsay remarks concerning threats made by plaintiff after he received unsatisfactory ratings were a reason for his suspension.
 
 
 18
 There is nothing in the record with respect to plaintiff's claim of interference with his access to the judicial process, except a fragment in the direct examination of Dowd plaintiff included with his brief. Without the cross-examination or the rest of the record this contention cannot be evaluated. The same is true of the argument of interference with plaintiff's First Amendment rights, which apparently arises out of interviews plaintiff gave to the press or television. There is absolutely nothing in the record before us concerning the court's allowing counsel of a dismissed defendant to participate in the trial after that dismissal, or the alleged destruction of tapes of the civil service proceedings which plaintiff argues demonstrated deliberate indifference to his right to appeal his termination.
 
 
 19
 The trial transcript would be absolutely essential to evaluate the trial court's determination not to allow plaintiff's expert to testify. A copy of the transcript and the instructions, not in the record, would be essential to evaluating the alleged error in instructions. There is nothing in the record concerning the court's failure to disqualify a law firm.
 
 
 20
 Without the trial transcript or more record than was provided us, we are required to affirm the judgment of the district court. See Neu v. Grant, 548 F.2d 281 (10th Cir.1977).
 
 
 21
 What this brings us down to is the question whether the district court abused its discretion in denying plaintiff a transcript at government expense. Plaintiff says the estimated cost for a transcript is $5,000 and he could not afford it on his $700 per month pay from the Salvation Army. In civil litigation a plaintiff is not entitled to a transcript as a matter of right. 28 U.S.C. § 753(f) states, in pertinent part: "Fees for transcripts furnished in [noncriminal, non-habeas corpus and non-section 2255] proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The district court allowed plaintiff to proceed in forma pauperis and certified the appeal as not frivolous, but found that the appeal did not involve a substantial question. I R. tab 111. It is difficult for us to determine whether the district court improperly found that the appeal did not involve a substantial question. "The problem is that in many cases it will be difficult for the court to determine whether substantial questions are presented unless the complete record is available." Rhodes v. Corps of Engineers of United States Army, 589 F.2d 358, 359 (8th Cir.1978). The irony of the situation is apparent; as Judge Learned Hand stated, "We are of course aware that a thorough decision whether there was a substantial question would depend upon a scrutiny of the whole record; so that, speaking literally, we could not adequately decide the motion until after we had granted it." Jaffe v. United States, 246 F.2d 760, 762 (2d Cir.1957) (Hand, J.). Clearly, however, § 753(f) was not intended to require free transcripts for all civil litigants proceeding in forma pauperis who argue a sufficiency of the evidence issue or factual issues on appeal. "Plainly, therefore, we must proceed upon what the motion papers contain." Jaffe, 246 F.2d at 762.
 
 
 22
 The record and briefs in the instant case do not on the whole provide us with enough information to find "substantial questions" are presented. Lower courts have defined 'substantial question' to mean a significant issue that is "unique or unusual" or "reasonably debatable." Armstrong v. Ashbury, 57 F.R.D. 139, 140 (W.D.Pa.1972); see also Handley v. Union Carbide Corp., 622 F.Supp. 1065, 1067 (S.D.W.Va.1985) (reasonably debatable), aff'd on other grounds, 804 F.2d 265 (4th Cir.1986); Linden v. Harper & Row, Inc., 467 F.Supp. 556, 558 (S.D.N.Y.1979) (reasonably debatable); Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.Md.1959) (reasonably debatable). Here we must consider that plaintiff lost his case before a jury. His lawyer, who would be entitled to reasonable compensation paid by the defendant if the case was won, has bowed out, leaving plaintiff to act pro se. This is evidence of at least the attorney's lack of confidence in the merits of the appeal. From the fragments of record we do have nothing jumps out at us as an obviously meritorious claim which would warrant reversal for a new trial. We cannot say that the issues raised on appeal are unique nor can we find on the record before us that the district court's refusal to certify the appeal as involving substantial questions is erroneous.
 
 
 23
 Plaintiff has made a motion before us for leave to file a statement on the evidence or proceedings pursuant to Fed.R.App.P. 10. The motion is opposed by defendants on the ground that a year after the trial it would be impossible, without a transcript, to reconstruct a statement of the evidence of a nine day trial. We agree, reinforced by having compared the statements in plaintiff's pro se brief concerning the testimony of the one witness whose transcript he attaches to his brief. Therefore, we deny plaintiff's motion to file the statement of evidence of the proceeding.
 
 
 24
 AFFIRMED.
 
 
 25
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Additionally, plaintiff asserts that the city is responsible for its adoption of the decisions and recommendations of city employees Dowd and Payne. The city admits that it did ratify Dowd and Payne's actions, and that if these employees violated plaintiff's constitutional rights the city should be held liable. But the city relies upon the jury verdict in its favor after trial