**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ZEBEDEE E. HALL,

       Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
THE DENVER SWAT TEAM, known
and unknown members of; SGT.,
BERDAHL, #86059; TECH.
CANINO, #91041; TECH. GROTHE,
#95015; TECH. GILWORTH, #89029;
TECH. DELMENICO, #89029; TECH.
FOX, #87026; TECH BRODEN,
#90026; TECH. MOEN, #91027;
TECH. LAURITA, #83011; TECH.
MCKIHHEN, #86042; TECH. TITUS,
#93013; TECH. MEYER, #89041;
TECH. BRENNAN, #95035; OFC.
NEBEL, #97015; SGT. ORGAN,
#75033,

       Defendants-Appellees.

No. 05-1419
(D.C. No. 03-cv-140-MSK-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TYMKOVICH**, **McKAY**, and **BALDOCK**, Circuit Judges.

Plaintiff Zebedee E. Hall, appearing pro se, appeals from the district court's oral decision, entered after a bench trial, denying him relief under 42 U.S.C. § 1983. On appeal, Hall argues that the district court erred (1) in denying his motion for appointment of counsel; (2) by misstating the facts in its oral decision; (3) by acting as surrogate counsel for defendants when ruling on his motion for a new trial; and (4) in failing to grant his motion for a new trial.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In his § 1983 complaint, Hall alleged that defendants, the City and County of Denver and several law enforcement officers, violated the Fourth Amendment and 18 U.S.C. § 3109 when the officers executed a search warrant at his home without knocking and announcing their presence before forcibly entering. After denying the parties' motions for summary judgment, the district court held a

---

[1] In his brief on appeal, Hall mentions three additional arguments: (1) the district court erred in dismissing the individual-capacity claim against the prosecutor in his criminal case, Kathleen M. Tafoya; (2) the district court erred in denying his motion for summary judgment; and (3) the district court improperly allowed defense counsel to lead a child witness during cross examination. Because these issues are merely mentioned, but are not argued, we deem them to be waived. *See Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992), *modified on other grounds on reh'g*, 995 F.2d 992 (10th Cir. 1993); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

two-day bench trial, with Hall appearing through video teleconferencing from prison. At the close of trial, the district court decided in favor of defendants, orally delivering findings of fact and conclusions of law. The court decided that Hall did not meet his burden of "establishing that Defendants did not knock and announce prior to entering his home, and that it was more likely than not that such knocking and announcing took place." *See* Supp. R., Vol. 1, Tab 149 at 2 (Opinion & Order Denying Motion for New Trial).

After the district court entered judgment, and after Hall filed his notice of appeal, he also filed a timely motion for a new trial.[2] *See* Fed. R. Civ. P. 59(a). In that motion, he argued that (1) the district court should have appointed counsel to assist him; (2) he was prevented from subpoenaing two witnesses; (3) newly discovered evidence indicated defendants' evidence was perjured; (4) prison officials delayed his mail, thereby preventing him from issuing trial subpoenas; (5) the district court misinterpreted the evidence; and (6) defects in the video connection resulted in the district court being unable to correctly hear his testimony.

---

[2] In addition, Hall filed a motion for leave to proceed on appeal in forma pauperis (IFP). The district court denied Hall's IFP motion as deficient, because it lacked a certified copy of his prisoner trust fund statement for the six-month period immediately preceding the filing of the motion. *See* 28 U.S.C. § 1915(a)(2).

This court abated this appeal pending the district court's disposition of the motion for new trial. *See Stone v. INS*, 514 U.S. 386, 402-03 (1995) (holding timely Rule 59 motion divests appellate court of jurisdiction). The district court denied the motion, finding no manifest injustice because (1) Hall was able to adequately represent himself; (2) Hall never alerted the court during trial that he had been unable to subpoena witnesses and, in any event, Hall's case was not prejudiced by the witnesses' absence from trial; (3) even with Hall's newly discovered evidence, a copy of a supplemental report by the Aurora Police Department,[3] the court would have reached the same decision; and (4) the court accurately stated the evidence, and, even if the court misconstrued the evidence, Hall's daughter's testimony established that defendants knocked and announced before entering the house. Hall amended his notice of appeal, and this court ordered additional briefing on the issues concerning denial of a new trial.

II.

A.

On appeal, Hall first argues that the district court should have granted his motion for appointment of counsel. We conclude the district court did not abuse its discretion in denying the motion. *See Rucks v. Boergermann*, 57 F.3d 978, 979

[3] We disagree that this was newly discovered evidence. Defendants provided a copy of this report at the time they filed their motion for summary judgment. *Compare* Dist. Ct. Original File, Vol. 1, Doc. 87, Ex. C at 11 (Motion for Summary Judgment) *with* R., Vol. I, Tab 138, Ex. 22 (Motion for New Trial).

(10th Cir. 1995) (reviewing denial of motion for appointment of counsel for abuse of discretion). The district court fully considered relevant factors when denying appointment of counsel. *See* R., Vol. I, Doc. 36 at 2-3 (citing *Rucks* and other cases and listing relevant factors of complexity of case, nature of factual issues, litigant's ability to present his claims, litigant's efforts to obtain his own counsel, and merits of claims). Hall did not meet his burden of showing that counsel should be appointed. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Further, nothing convinces us, as Hall suggests, that the district court should have reconsidered its decision later in the proceedings.

B.

Next, Hall argues that the district court misstated the facts in its bench decision. In order to review the district court's oral decision and the evidence presented at trial, a trial transcript is essential. Hall had the burden to provide the necessary transcript. *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); 10th Cir. R. 10.1(A)(1) ("The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal."). But he failed to do so. Although we liberally construe his pro se filings, Hall's pro se status does not exempt him from following these procedural

rules or from providing a transcript. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); 10th Cir. R. 11.2(A) (stating that in pro se cases, district court clerk sends only transcripts that have been filed for appeal).

Contending that he was not aware that he was required to provide the record on appeal, Hall requests for the first time in his reply brief that this court sua sponte obtain the trial transcript. Indigent appellants may obtain a free trial transcript if the requirements of 28 U.S.C. § 753(f) are met. Section 753(f) provides that "[f]ees for transcripts furnished in . . . proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." We therefore must consider whether Hall should be allowed to proceed on appeal IFP and whether his appeal presents a substantial question.

Although the district court denied leave to proceed IFP on appeal on the technical ground that Hall failed to provide a certified copy of his prisoner trust fund account statement, his IFP motion before this court does not suffer from the same defect. Thus, we grant leave to proceed IFP on appeal.

We recognize that it is difficult for courts and litigants to decide whether a substantial question is presented unless the complete record is available. *Lee v. Habib*, 424 F.2d 891, 904-05 (D.C. Cir. 1970); *Jaffe v. United States*, 246 F.2d

760, 762 (2d Cir. 1957). Nonetheless, we consider the district court file and Hall's appellate briefs when determining whether he presented a substantial question. *See Rhodes v. Corps of Eng'rs of United States Army*, 589 F.2d 358, 359-60 (8th Cir. 1978) (per curiam).

Hall states in his appellate brief that the district court orally found that he heard a noise before defendants entered his home and that he never disputed that defendants waited twelve to eighteen seconds before entering his home. Hall contends these findings misstated the facts because he, his wife, and his five-year-old daughter all testified that defendants never knocked or announced their presence before forcibly entering the home. Thus, he believes that because defendants did not knock, there was no waiting period before they entered. Also, Hall denies ever stating that he heard a noise before defendants entered the home.

These arguments, when considered in light of the district court's thorough order denying Hall's motion for new trial, do not identify a substantial question deserving of appellate review. Nor are the documents in the district court's file, including the summary judgment pleadings, sufficient to convince us that Hall's appeal presents a substantial question.

Because Hall fails to present a substantial question on appeal, he does not qualify for production of a transcript at government expense under § 753(f). We therefore deny his request in his reply brief that we obtain the transcript sua sponte. Without a transcript of the evidence presented or the district court's

-7-

oral decision, we must affirm the district court's bench decision. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (requiring affirmance where record is insufficient for review); *McGinnis v. Gustafson*, 978 F.2d 1199, 1200-01 (10th Cir. 1992) (requiring affirmance where district court's ruling from bench was not transcribed).

C.

Third, Hall argues that the district court improperly acted as surrogate counsel for defendants when ruling upon his motion for a new trial, because defendants never responded to the motion. In light of defendants' failure to respond, he believes the district court should have granted a new trial.

A response to a motion is required only when the Federal Rules of Civil Procedure or the local rules require that affidavits or other papers be filed. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1190 at 48 (3d ed. 2004). No federal or local rules require a response to a Rule 59 motion. Thus, the district court was free to deny the motion without a response from defendants. And the district court did so, deeming Hall's contentions unrebutted, yet determining they did not warrant the relief Hall requested. Supp. R., Vol. I, Tab 149 at 1 n.1. The denial of the motion does not show that the district court acted improperly in defendants' favor or as their surrogate counsel.

D.

In his final argument, Hall argues that the district court should have granted his motion for a new trial. This argument again concerns the district court's alleged role as surrogate counsel for defendants, an argument we have already rejected. We therefore conclude the district court did not abuse its discretion in denying the motion for new trial. *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999).

III.

The judgment of the district court is AFFIRMED. Hall's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. We remind him that he must continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge