[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16224
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00284-CV-5-RS/MD

TERENCE C. EVERETT,

                                                              Plaintiff-Appellant,

versus

MARIANNA POLICE DEPARTMENT,

                                                              Defendant,

JONATHAN P. SMITH,
MATT VICKERY,

                                                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 11, 2010)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Terrence C. Everett appeals the district court's decision denying his request for a transcript at the government's expense, pursuant to 28 U.S.C. § 753(f). A party in a civil proceeding may obtain a transcript at the government's expense if (1) he is granted leave to proceed in forma pauperis on appeal and (2) "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Everett has been granted leave to appeal in forma pauperis by the district court. Therefore, the only question is whether Everett's appeal is not frivolous, but presents a substantial question.

At bottom, Everett's principal claim on appeal is that the district court's factual findings are contrary to the weight of the evidence.[1] Such a claim can neither be prosecuted nor reviewed in the absence of a transcript of the district court proceedings. See Fed. R. App. P. 10(b)(2). This kind of claim poses a dilemma: we arguably need to review the transcript to decide whether Everett is entitled to one. To avoid this circularity, we must first ask whether the representations made by Everett about what the record would reveal—if true—raise a substantial question. See Jaffee v. United States, 246 F.2d 760, 762

---

[1] Like the district court, we flatly reject Everett's assertion that the district court was biased against him based on his appearance at trial in a prison jumpsuit. Any appeal based on that alleged bias is frivolous.

(2d Cir. 1957).

As we noted in our decision affirming the district court's denial of qualified immunity, "the facts of this case are hotly disputed." Everett v. Smith, No. 09-10343, at 3 (11th Cir. July 21, 2009). In support of his appeal, Everett points to his own contrary testimony, which the district court rejected, and to purported conflicts between the defendants' trial and deposition testimony. Everett's representations are sufficient to raise a debatable issue, even if minimally so. We cannot evaluate the weight of the evidence or the alleged discrepancies in the defendants' testimony without a transcript. Accordingly, the district court's decision denying Everett's request for a trial transcript pursuant to 28 U.S.C. § 753(f) is reversed.[2]

AFFIRMED in part and REVERSED in part.

---

[2] We affirm the denial of Everett's request for a transcript of the post-trial hearing on Everett's motion for sanctions.