<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7608**

COREY JAWAN ROBINSON,

        Plaintiff - Appellant,

    v.

OFFICER S. MOSHER,

        Defendant - Appellee,

    and

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; DOCTOR W. JONES;
SGT. JORDAN WILLIAMS; SGT. MARADO SMALLS; CPL. JOHN GUINN;
OFC SUSAN SPANN; LIEBER MEDICAL SERVICE; DHO JAMES
BLACKWELL; NURSE C. FELDER; NURSE V. ASHFORD; DOCTOR R.
BABB; NURSE K. LINNEN; NURSE R. BREWER; WARDEN M. BODISON;
ASSOC. WARDEN F. THOMPSON; SGT. F. JEFFERSON; OFC S.
NICHOLAS; LT. R. STWERT; OFC U. PALMER; NURSE V. FRAZIER;
NURSE S. WEST; OFC T. MILLS,

        Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Henry M. Herlong, Jr., Senior
District Judge; Bristow Marchant, Magistrate Judge.  (4:10-cv-
00157-BM)

Submitted:  March 30, 2012        Decided:  May 10, 2012

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Corey Jawan Robinson, Appellant Pro Se.   Elloree Ann Ganes, Robert Holmes Hood, Thomas Happel Scurry, HOOD LAW FIRM, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Jawan Robinson appeals from the jury verdict on one of his claims and the grant of summary judgment to Defendants on the remaining claims in his 42 U.S.C. § 1983 (2006) action. Turning first to the summary judgment issues, we have reviewed the record and the allegations on appeal and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Robinson v. Mosher, No. 4:10-cv-00157-BM (D.S.C. Nov. 18, 2011).

Robinson received court-appointed counsel for the trial. On appeal, he asserts that trial counsel committed numerous errors. Because counsel was not constitutionally mandated in this civil action, even if counsel was ineffective, there are no grounds for reversal. Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986). Robinson's remedy, if any, is to bring a legal malpractice action. Sanchez, 785 F.2d at 1237.

Finally, Robinson challenges the jury verdict in favor of Defendant Mosher, contending that the jury instructions were incomplete or inaccurate. Robinson did not produce a transcript of the trial proceedings.

In the case of a prisoner, like Robinson, appealing a civil judgment and proceeding under the Prison Litigation Reform

3

Act, a transcript may be ordered at Government expense, but only if the appeal is not frivolous and presents a substantial question. 28 U.S.C. § 753(f) (2006). Robinson bears the burden of demonstrating substantiality. Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1976). "A substantial question [is] . . . one which is reasonably debatable." Handley v. Union Carbide Corp., 622 F. Supp. 1065, 1067 (S.D. W. Va. 1985) (internal quotation marks and citation omitted), aff'd, 804 F.2d 265 (4th Cir. 1986). Robinson has failed to meet his burden of substantiality. Thus, he has waived appellate review of the issues on appeal that depend upon the transcript to show error. Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987). Thus, we decline to review the jury verdict.

We deny Robinson's motions for preparation of a transcript at Government expense and for appointment of counsel and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4