**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6344**

JAMES HOWARD MCLEAN,

Plaintiff - Appellant,

v.

SGT. STEPHANIE HUDSON; OFFICER CLINTON GOOSELIN; OFFICER LAURA PREVATTE; OFFICER CHRIS STRICKLAND,

Defendants - Appellees,

and

CAPTAIN SANDRA MILLER,

Defendant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cv-00991-CCE-JLW)

Submitted: May 26, 2021                    Decided: June 15, 2021

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Howard McLean, Appellant Pro Se. Brian Florencio Castro, Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Howard McLean appeals from the jury verdict in his 42 U.S.C. § 1983 action, in which McLean alleged that Defendants, detention officers assigned to the Scotland County, North Carolina Detention Center ("SCDC"), subjected him to an excessive amount of force while he was a pretrial detainee at SCDC. McLean also moves for the production of a transcript of the trial proceedings at government expense.

It is the duty of the appellant to obtain a transcript of the parts of the proceeding necessary to enable appellate review. *See* Fed. R. App. P. 10(b); 4th Cir. R. 10(c). We may authorize the preparation of a transcript at government expense where the litigant proceeds in forma pauperis and has shown the existence of a substantial question for appeal. 28 U.S.C. § 753(f). "A substantial question within the meaning of [§] 753(f) has been defined as one which is reasonably debatable." *Handley v. Union Carbide Corp.*, 622 F. Supp. 1065, 1067 (S.D.W. Va. 1985) (internal quotation marks omitted), *aff'd*, 804 F.2d 265 (4th Cir. 1986); *see Williams v. Ozmint*, 716 F.3d 801, 811 (4th Cir. 2013) (recognizing "substantial question" requirement for preparation of transcript at government expense).

McLean has failed to meet his burden of substantiality. First, McLean asserts that his court-appointed trial counsel committed numerous errors, and he contends that these errors constituted a violation of his right to due process. Because counsel was not constitutionally mandated in this civil action, even if counsel were ineffective—an issue we do not reach—this would not constitute grounds for reversal. *See Williams*, 716 F.3d at 811. McLean further contends that the district court deprived him of his right to seek appellate review by granting counsel's motion to withdraw from representation after the

3

jury rendered its verdict. However, because McLean timely noted the instant appeal, we find that argument to be without merit.

Finally, McLean challenges the jury verdict in favor of Defendants, contending that the verdict form submitted to the jury improperly framed his excessive force claim.[*] We have reviewed the challenged verdict form and find no reversible error. Accordingly, we deny McLean's motion for preparation of a transcript at government expense and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Liberally construed, McLean also appears to challenge the sufficiency of the evidence supporting the jury's verdict. However, McLean failed to properly preserve this challenge in the district court. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006); *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 156 (4th Cir. 2012).