972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard M. MAXHAM, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary, Department of the Navy,
Defendant-Appellee.
 No. 91-1176.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 28, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-90-148-H)
 Richard M. Maxham, Appellant Pro Se.
 Richard Albert Lloret, Office of The United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before WIDENER, HALL, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard M. Maxham appeals the district court's order granting summary judgment to Defendant in his Privacy Act case filed under 5 U.S.C. § 552a(d) and (g) (1988). Our review of the record discloses that this appeal is without merit. Accordingly, we affirm the district court's order and deny Appellant's motion for preparation of a transcript at government expense under 28 U.S.C. § 753(f) (1988).
 
 
 2
 Plaintiff requested certain records from the Naval Communications Area Master Station LANT (NAVCAMS-LANT) pertaining to an Equal Employment Opportunity investigation conducted by a private investigator, Lofton-Petersen & Associates. The investigation was commenced upon Maxham's filing a complaint alleging discriminatory hiring practices against NAVCAMS-LANT, which engaged Lofton-Petersen to investigate the complaint.
 
 
 3
 Maxham initially claimed in the district court that the agency was withholding a copy of the investigator's report which was allegedly sent to the Navy on or about April 19, 1990. After filing his complaint, Maxham received a copy of this report.[1] He nevertheless continued to contend that the agency was withholding other documents. In particular, he pointed to a letter from Lofton-Petersen to him describing the company's practice: "All the documents and data that are not included in the [investigation] report are forwarded to the agency under separate cover."
 
 
 4
 In support of its position that it has handed over all documents pertaining to Plaintiff, the Government submitted the affidavit of Theodore F. Fredman, Assistant to the General Counsel of the Department of the Navy. The affidavit states that all documents responsive to Maxham's request have been disclosed and that the agency has not denied Maxham's request for access.
 
 
 5
 The district court held a hearing on Defendant's motion to dismiss and entered summary judgment in favor of Defendant"for the reasons stated in open court."[2] Maxham noted a timely appeal and filed a motion for the preparation of a transcript at government expense under 28 U.S.C. § 753(f). However, the district court would not certify that the appeal was not frivolous within the meaning of § 753(f) and, while permitting Maxham to proceed in forma pauperis on appeal, denied his transcript request. Maxham has renewed the request on appeal.
 
 
 6
 The district court reviews an agency's withholding of documents de novo. 5 U.S.C. § 552a(g)(3)(A). The agency's submission of Fredman's detailed, nonconclusory affidavit showing all the documents have been produced placed the burden on Maxham to prove that the search was unreasonable or that the documents, in fact, exist. See Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982); see also SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).
 
 
 7
 Because the district court ruled from the bench and no transcript has been filed on appeal, we are unable to discern the district court's reasons for granting summary judgment. However, Maxham has not presented a "substantial question" justifying the preparation of a transcript at government expense, under 28 U.S.C. § 753(f).
 
 
 8
 While we recognize the difficulty in deciding whether to grant a motion for a transcript without the benefit of its contents, see Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970), we find that Maxham has failed to raise a substantial question in light of the applicable burden shifting. He has not shown that the search was unreasonable, that the documents he seeks exist, or that the district court failed to determine the matter de novo. The record shows that the Government disclosed everything in its possession with respect to Maxham's request. Maxham's speculation that there may be additional documents does not satisfy his rebuttal burden or raise a substantial question justifying a transcript at government expense. Maxham does raise the issue of de novo review by the district court in his informal brief on appeal. However, he does not allege that the district court did not provide accurate statements of fact or conclusions of law from the bench, nor does he offer any reason for overruling the district court's refusal to certify the appeal as nonfrivolous. See Maloney v. E.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970).
 
 
 9
 In view of Maxham's failure to raise a substantial question, we deny his motion for preparation of a transcript at government expense. Similarly, we hold that the district court's decision was supported by an adequate factual basis, and therefore its decision was not clearly erroneous. See Bowers v. United States Dep't of Justice, 930 F.2d 350, 353 (4th Cir.), cert. denied, 60 U.S.L.W. 3292 (U.S 1991). Accordingly, we affirm the district court's judgment.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Apparently, this report was sent to him previously but not received
 
 
 [2]
 We note that the district court failed to give the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), prior to granting summary judgment. We find this error harmless, however, as Maxham responded to the motion to dismiss and was given an opportunity to present 6350 35 8 additional materials at the summary judgment hearing