36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin CUMMINGS, Plaintiff-Appellant,
v.
James GORDON, Orangeburg County Jail Administrator, in his
individual capacity; John A. Aiken, Chief of Security,
Orangeburg County Jail, in his individual capacity;
Sergeant Davis, First Shift Supervisor of the Orangeburg
County Jail; Barbara Walters, Detective; C.R. Smith, Jr.,
Sheriff; Orangeburg County, a Municipality of the State of
South Carolina; Orangeburg Calhoun Jail Commission,
Defendants-Appellees.
 No. 94-6409.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1994.
Decided Sept. 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Henry M. Herlong, Jr., District Judge. (CA-92-1808-3-20-A)
 Benjamin Cummings, appellant pro se.
 Joseph Crouch Coleman, Columbia, SC, for appellees.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Benjamin Cummings, a South Carolina inmate, filed this action pursuant to 42 U.S.C. Sec. 1983 (1988). He claimed that, while he was a pretrial detainee at the Orangeburg County Jail, he was confined in isolation for an extended period for no reason and that he was offered only one meal a day. The district court denied Defendants' summary judgment motion and appointed counsel to represent Cummings. A jury trial was held. The district court directed a verdict for Orange County and the Orangeburg-Calhoun Jail Commission, and the jury found for the remaining defendants. Cummings appeals the jury verdict.
 
 
 2
 On appeal, Cummings has moved for a transcript at government expense, pursuant to 28 U.S.C. Sec. 753(f) (1988). As Cummings is proceeding in forma pauperis on appeal, the government may provide a free transcript if it is determined that "the appeal is not frivolous (but presents a substantial question)." The appellant bears the burden of demonstrating that his appeal presents a substantial question. See Maloney v. E. I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967), cert. denied, 396 U.S. 1030 (1970). We find no such substantial question presented in our review of the record and deny the motion.
 
 
 3
 We must accept a jury verdict that is supported by substantial evidence. Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1235 (Fed. Cir.), cert. denied, 493 U.S. 853 (1989). A jury verdict cannot be set aside unless the evidence, viewed in the light most favorable to appellees, is so clear that reasonable people could reach no other conclusion than that asserted on appeal. Coates v. Daugherty, 973 F.2d 290, 293 (4th Cir.1992). Cummings concedes that the jury was properly instructed. The jury was entitled to accept Defendants' version of events rather than Cummings's. We find that substantial evidence supports the jury verdict. Accordingly, we deny Cummings's motion for a transcript at government expense, and affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED